IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN H. WHITT,

    Petitioner,

    v.

WARDEN, LEBANON CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-00560
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KING

## ORDER

On March 3, 2015, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's *Motion for Leave to Proceed in Forma Pauperis*, ECF 3, be denied. Petitioner has filed an objection to the *Report and Recommendation*. He asks to preserve his pauper status in the event that he files an appeal in this case. *Motion to Preserve Pauper Status*, ECF 7. Petitioner also requests the appointment of counsel on his behalf. ECF 6.

Petitioner has paid the $5.00 filing fee, and it appears that he is able to bear that cost at this time. If an evidentiary hearing is required to resolve this action, the Court will reconsider Petitioner's application for leave to proceed *in forma pauperis*. It also will do so in the event of an appeal. Petitioner's *Motion to Preserve Pauper Status*, ECF 7, is therefore **DENIED**.

Petitioner's *Motion to Appoint Counsel*, ECF 6, also is **DENIED.** Habeas corpus proceedings are considered to be civil in nature, and the Sixth Amendment does not guarantee the right to counsel in these proceedings. *See Greene v. Knab*, No. 2:09–cv–258, 2010 WL 3522479, at *3 (S.D.Ohio July 30, 2010) (citation omitted).

> The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); .... Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.

*Gammalo v. Eberlin*, No. 1:05CV617, 2006 WL 1805898 (N.D. Ohio June 29, 2006) (citations omitted).  The record does not presently indicate that an evidentiary hearing will be required to resolve the case, or that the interests of justice or due process require the appointment of counsel on petitioner's behalf.

The *Report and Recommendation*, ECF 4, is **ADOPTED** and **AFFIRMED.**  Petitioner's *Motion for Leave to Proceed in Forma Pauperis*, ECF 3, is **DENIED.**  Petitioner's *Motion to Preserve Pauper Status*, ECF 7, is **DENIED**.  Petitioner's *Motion to Appoint Counsel*, ECF 6, is **DENIED,** without prejudice to renewal**.**

Respondent is **ORDERED** to answer the *Petition* in accordance with the provisions of Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, within twenty-one (21) days.

Petitioner may have twenty-one (21) days thereafter to file a reply to the Respondent's answer or other response to the petition.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge