IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN H. WHITT,

        CASE NO. 2:15-CV-560
   Petitioner,        JUDGE JAMES L. GRAHAM
        Magistrate Judge Elizabeth P. Deavers

   v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,

   Respondent.

### ORDER and
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition*, (ECF No. 1) and *Motion for Return of Petition*, (ECF No. 10), and Respondent's *Motion to Transfer* to Sixth Circuit Court of Appeals.  (ECF No. 12.)  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Transfer* (ECF No. 12) be **GRANTED** and that the instant Petition for a Writ of Habeas Corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner's *Motion for Return of Petition* (ECF No. 10) is **GRANTED**.  The Clerk is **DIRECTED** to provide Petitioner with a time-stamped copy of the Petition.

Petitioner challenges his April 13, 2010, convictions in the Coshocton County Court of Common Pleas on rape and gross sexual imposition.  He asserts that the trial court lacked jurisdiction (claim one); improperly and unconstitutionally imposed sentence (claim two); that he was denied effective assistance of counsel (claim three); and that the "Writ of Mandamus was entered as a Writ of Law" (claim four).  It is the position of the Respondent that this action must be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

1

Petitioner acknowledges that this is not his first federal habeas corpus petition challenging these same convictions. *Petition*, (ECF No. 1 PageID# 3); *Whitt v. Warden, Lebanon Correctional Facility*, Case No. 2:12-cv-00731. Petitioner states that he "is returning under [his] first petition" after exhausting his claims. (PageID# 18.) On August 7, 2014, however, the Court entered final *Judgment* of dismissal of Petitioner's prior habeas corpus petition. *Whitt v. Warden, Lebanon Correctional Facility*, Case No. 2:12-cv-00731 (ECF No. 59.) This action, therefore, constitutes a successive petition.

Before a second or successive habeas petition is filed in a federal district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court within the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie*

showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these new facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

111 F.3d at 47.  Consequently, the Magistrate Judge **RECOMMENDS** Respondent's *Motion to Transfer* (ECF No. 12) be **GRANTED** and that the instant petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner's *Motion for Return of Petition* (ECF No. 10) is **GRANTED**.  The Clerk is **DIRECTED** to provide Petitioner with a time-stamped copy of the petition.

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date:  May 6, 2015