IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN H. WHITT,

      Petitioner,

    v.

TOM SCHWEITZER, WARDEN,
LEBANON CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-00560
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On March 30, 2016, the Court denied Petitioner's *Motion for Judgment as a Matter of Law*. (ECF No. 26.)  Petitioner has filed a *Motion for Certificate of Appealability*. (ECF No. 28.)  For the reasons that follow, Petitioner's *Motion for Certificate of Appealability* (ECF No. 28) is **DENIED**.

Petitioner challenges his April 2010 convictions in the Coshocton County Court of Common Pleas on rape and gross sexual imposition.  Petitioner seeks reconsideration of the Court's June 1, 2015 *Opinion and Order* granting Respondent's *Motion to Transfer* the case to the United States Court of Appeals for the Sixth Circuit as a successive petition.  The Court denied Petitioner's request.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court."  *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner has failed to establish that reasonable jurists would debate whether the Court was correct in denying Petitioner's motion. Petitioner's February 2015 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 plainly constitutes a successive petition for which Petitioner must obtain authorization for filing from the United States Court of Appeals. Petitioner's *Motion for Certificate of Appealability* (ECF No. 28) therefore is **DENIED.**

2

**IT IS SO ORDERED.**

Date: April 15, 2016                                  _____s/James L. Graham_____
                                                     JAMES L. GRAHAM
                                                     United States District Judge